UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERESA M. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-480-TAV-CCS |
| | ) | |
| JOHN WAYNE ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss for Failure to State a Claim for which Relief can be Granted and Memorandum of Law in Support thereof [Doc. 4] and defendant's Motion to Dismiss Due To Lack of Subject Matter Jurisdiction [Doc. 6]. Plaintiff filed a response to both motions [Docs. 5, 8].[1] After consideration of the filings and the relevant law, the Court will deny the motion to dismiss for lack of subject matter jurisdiction and grant the motion to dismiss for failure to state a claim.

**I.      Background**

Plaintiff, proceeding pro se, filed this lawsuit asserting "legal malpractice" against her former attorney, defendant John Wayne Allen [Doc. 2]. Defendant has filed a motion to dismiss, asserting that plaintiff fails to state a claim upon which relief may be grated [Doc. 4], as well as a motion to dismiss for lack of subject matter jurisdiction [Doc. 6].

---

[1] While both are actually titled motions to continue the proceedings, the Court construes plaintiff's filings as responses to the motions.

**II.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  Under Rule 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction."  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  "A *facial* attack is a challenge to the sufficiency of the pleading itself" and "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).  "A *factual* attack, on the other hand, is . . . a challenge to the factual existence of subject matter jurisdiction."  *Id.* at 598.  With a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* (citation omitted).  In reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The plaintiff bears the burden of proving that jurisdiction exists.  *Gorno Bros.*, 410 F.3d at 881; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case."  *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998), *abrogation on other grounds recognized by*

*Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Defendant argues that plaintiff "does not aver any grounds to confer jurisdiction" [Doc. 8]; he thus makes a facial attack. The complaint, however, includes allegations that indicate the parties are citizens of different states, and defendant has not rebutted these allegations [*See* Doc. 2]. Moreover, the amount in controversy is alleged to be over $75,000. *See* 28 U.S.C. § 3112. Thus, the Court finds plaintiff has overcome her burden of demonstrating jurisdiction exists.

The Court, therefore, will deny defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. 8].

### III. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

To state a claim for professional negligence, a plaintiff must show:

> (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). Defendant concedes that plaintiff's complaint alleges that defendant owed her a duty of care and that he breached that duty of care [Doc. 4]. His argument is that "nowhere in her Complaint does she aver that this breach was the legal cause of any damages she suffered or any damages that flow from this breach" [*Id.*].

Pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it

4

fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Liberally construing the allegations of the complaint, the Court finds plaintiff does not allege that defendant's breach of the duty of care caused her to suffer damages.

The Court, therefore, will grant defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons explained herein, the Court will **DENY** defendant's Motion to Dismiss Due To Lack of Subject Matter Jurisdiction [Doc. 6] and **GRANT** defendant's Motion to Dismiss for Failure to State a Claim for which Relief can be Granted and Memorandum of Law in Support thereof [Doc. 4]. This case will be **DISMISSED**. The Clerk will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE