UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERESA M. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-480-TAV-CCS |
| | ) |
| JOHN WAYNE ALLEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 14, 2014, the Court granted defendant's motion to dismiss for failure to state a claim and dismissed this action [Doc. 16].  On February 18, 2014, plaintiff, proceeding pro se, filed a motion for summary judgment [Doc. 17].  Defendant did not file a response and the time for doing so has passed.  E.D. Tenn. L.R. 7.1, 7.2.  Because the motion for summary judgment was filed after the Court had dismissed the case, the Court construes it, given the plaintiff's pro se status, as a motion made under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit

evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (nothing that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before (citation omitted)); *Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002) (noting that a Rule 59 motion is not an opportunity for a party to "reargue its prior position in the hope that the court will change its mind").

Plaintiff's motion does not present the Court with an intervening change in the controlling law, nor does it persuade the Court that it committed clear legal error or manifest injustice in dismissing plaintiff's action. There is also no identification of any newly discovered evidence.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may be relieved of a judgment entered against it on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Upon review of plaintiff's motion, nothing in plaintiff's motion indicates that any of these six grounds for relief is warranted.

Accordingly, plaintiff's motion [Doc. 16] is hereby **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              CHIEF UNITED STATES DISTRICT JUDGE